**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARYANN AND DONALD ROBINSON** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 21-4050** |
| | **:** | |
| **SOUTHEASTERN PENNSYLVANIA** | **:** | |
| **TRANSPORTATION AUTHORITY**, *et al.* | **:** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                      **November 16, 2021**

Lawyers bringing claims on injured parties' behalf must be ever mindful of a state's public policy limiting the amount of time to sue allegedly responsible parties for negligence. Lawyers routinely investigate responsible parties before filing suit. Sometimes they face complications like an undisclosed management of a property where the injury occurred. But lawyers must act diligently in confirming notice of claims to all potential responsible persons. Lawyers are well-advised to sue all those who may be responsible if they can do so in good faith. Failure to do so results in the situation presented today.

We must deny an injured woman and her husband's motion to amend under the Federal Rules of Civil Procedure after the statute of limitations when their lawyer failed to give timely notice to a new party. The new party also moves for judgment on the pleadings on the present operative complaint arguing the woman and her husband do not allege fraudulent concealment which may toll the statute of limitations. We agree with the new party. But we must remain vigilant in ensuring cases get resolved on the merits when possible. We grant the woman and her husband leave to promptly move to amend if possible to add the new party (who remains in the case as a crossclaim defendant) but otherwise deny their motion for leave to amend based on presently plead facts. We also grant the new party's motion for judgment on the first amended Complaint.

## I.     Background

Maryann Robinson alleges she fell on a temporary floor at the Paoli, Pennsylvania train station on June 21, 2019 causing her injury.[1] She could sue responsible parties by June 21, 2021 under Pennsylvania's statute of limitations.[2]

### *The Robinsons sue SEPTA in state court.*

Ms. Robinson and her husband Donald Robinson timely sued the Southeastern Pennsylvania Transportation Authority ("SEPTA") for negligence and loss of consortium in Pennsylvania state court on March 2, 2021.[3] The Robinsons alleged SEPTA installed the floor and maintained responsibility for the train station.[4]

Discovery began in state court. The state court required the parties file case management conference memoranda including detailing other parties they anticipate may join the case.[5] The Robinsons claim SEPTA never filed its case management conference memorandum in state court.[6] The Robinsons later served requests for admission asking SEPTA to admit it "was solely responsible for the ownership, maintenance, possession, and control of the Paoli SEPTA station platform."[7] The Robinsons allege SEPTA did not respond within the thirty days required by the Pennsylvania Rules of Civil Procedure.[8]

### *The Robinsons add Amtrak to the state court action after the statute of limitations.*

The Robinsons argue SEPTA's counsel waited until August 5, 2021—after the statute of limitations—to disclose Amtrak, not SEPTA, maintained the train station platform.[9] The Robinsons argue this is the first time they learned Amtrak belonged in the case.[10]

The Robinsons filed a first amended Complaint in state court the next day (August 6, 2021) to then sue Amtrak.[11] They added "Amtrak" as a defendant almost seven weeks after the statute of limitations expired, asserting negligence and loss of consortium claims against Amtrak.[12] The

Robinsons alleged both SEPTA and Amtrak maintained the Paoli train station.[13] The Robinsons served Amtrak with the first amended Complaint on August 12, 2021.[14]

### *Amtrak removes and we schedule discovery.*

Amtrak removed here on September 10, 2021.[15] It then answered raising a statute of limitations defense.[16] Amtrak called itself "National Railroad Passenger Corporation ('Amtrak')" in its Answer.[17] Amtrak did not, evidently, challenge its untimely addition in state court.

We began discovery on September 23, 2021.[18] We ordered the parties to "immediately" exchange written discovery requests focusing on the "most important issues available from the most easily accessible sources."[19]

We held an initial pretrial conference on October 4, 2021.[20] The parties discussed Amtrak's untimely addition. We then ordered the parties to move to amend the pleadings by November 5, 2021.[21] We required them to complete discovery by January 26, 2022.[22]

Amtrak produced an accident report during discovery.[23] The Robinsons argue the accident report shows Amtrak investigated the accident on the day of Ms. Robinson's injury.[24] The report shows Ms. Robinson suffered the injury while boarding an Amtrak train.[25] The Robinsons argue Amtrak first received notice of the Robinsons' lawsuit when the Robinsons served Amtrak with the first amended Complaint on August 12, 2021.[26]

## II.    Analysis

The Robinsons added Amtrak in their first amended Complaint in state court after Pennsylvania's two-year statute of limitations.[27] The Robinsons now move to amend to correct the name of Amtrak, and Amtrak moves for judgment on the pleadings based on the first amended Complaint. The issue is whether we can excuse Amtrak's untimely addition.

3

The Robinsons move to amend their first amended Complaint.[28] They wish to change the name of Amtrak from "Amtrak" to "National Railroad Passenger Corporation ('Amtrak')."[29] They also wish to add allegations regarding Amtrak's awareness of the lawsuit.[30] They claim Amtrak "assigned a representative" to this matter who communicated with the Robinsons' counsel in March and April 2021.[31] They argue the amendment should relate back to the March 2, 2021 Complaint under Federal Rule of Civil Procedure 15(c).[32] Amtrak responds the amendment cannot revive the Robinsons' dead state law claims and is otherwise futile because it does not change the name of a party.[33]

Amtrak moves for judgment on the first amended Complaint.[34] It argues Pennsylvania's two-year statute of limitations bars the Robinsons' claims against it.[35] The Robinsons respond their claims are not time-barred because we should relate back either their first amended Complaint filed in state court or their proposed amendment filed here.[36] They also argue SEPTA fraudulently concealed Amtrak's responsibility.[37] They argue we should at least allow them to conduct discovery regarding Amtrak's notice of this action.[38]

We deny the Robinsons' motion to amend without prejudice. The Federal Rules apply to the Robinsons' proposed amendment. The Robinsons properly invoke Federal Rule 15(c)(1)(C) because they change the name of Amtrak. But the Robinsons do not show Amtrak received notice of the action within the Federal Rule 4(m) period as required for their amendment to relate back. We extend our deadline for the parties to amend their pleadings mindful of our obligation to decide disputes on the merits when possible. The Robinsons may again move to amend their first amended Complaint to add Amtrak if they can present facts showing Amtrak's notice consistent with Rule 11.

We grant Amtrak's motion for judgment on the pleadings and dismiss the Robinsons' claims against Amtrak without prejudice. We reject the Robinsons' reliance on fraudulent concealment because they did not plead facts showing fraudulent concealment. We reject the Robinsons' argument their first amended Complaint relates back under Pennsylvania law. We dismiss the Robinsons' claims against Amtrak without prejudice consistent with our extension of the deadline for the parties to amend their pleadings.

### A.   We deny the Robinsons' motion for leave to amend without prejudice for failing to show Amtrak received notice within the Rule 4(m) period.

The Robinsons move to amend their first amended Complaint. Their proposed amendments change Amtrak's name to "National Railroad Passenger Corporation ('Amtrak')" and allege Amtrak "assigned a representative" to this matter who communicated with the Robinsons' counsel in March and April 2021.[39] The Robinsons argue their amendment relates back to the date they filed their first Complaint—March 2, 2021—under Rule 15(c)(1)(C) because the amendment "changed the party against whom the claim was asserted," the Robinsons served the amendment within "120 days of the statute of limitations," and Amtrak received appropriate notice of the action.[40] Amtrak responds the amendment cannot revive a dead state law claim and is otherwise futile because it does not change the name of a party.[41]

Federal Rule of Civil Procedure 15 "embodies a liberal approach to pleading."[42] "The clear preference embodied in Rule 15 is for merits-based decision making."[43] We "should freely give leave [to amend] when justice so requires."[44] But we should not grant leave if the proposed amendment is futile.[45] Amendment is futile if the amendment "would not be able to overcome the statute of limitations."[46] "Where a claim is barred by the statute of limitations, amendment is only permitted if the proposed amended complaint relates back to the date of the original pleading pursuant to Rule 15(c)."[47]

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside of an applicable statute of limitations."[48] If the amendment meets the requirements of Rule 15(c), "the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint."[49]

The Robinsons argue Rule 15(c)(1)(C) permits relation back. Rule 15(c)(1)(C) applies when "the amendment changes the party or the naming of the party against whom a claim is asserted."[50] The Rule requires: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence set out in the original pleading, and (2) "within the [ninety-day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[51]

We deny the Robinsons' motion to amend without prejudice. The Federal Rules govern our analysis of the Robinsons' proposed second amended Complaint. The proposed amendment changes the name of a party, triggering Rule 15(c)(1)(C). But the Robinsons do not presently show Amtrak received notice of the action within the Rule 4(m) period as required for the amendment to relate back. We extend our deadline for the parties to amend their pleadings permitting the Robinsons to promptly amend again if they can present facts showing Amtrak's notice consistent with Rule 11.

### 1. The Federal Rules govern our analysis of the Robinsons' proposed second amended Complaint.

We first must determine whether we may apply the Federal Rules to the Robinsons' proposed second amended Complaint or whether their untimely first amended Complaint in state

court bars them from amending here. Amtrak urges the Robinsons cannot amend here. It argues Rule 15 is irrelevant because the Robinsons' first amended Complaint untimely added Amtrak, meaning the first amended Complaint was "dead" when Amtrak removed here. The Robinsons urge otherwise, arguing Rule 15(c)(1)(C) permits relation back of their second amended Complaint. We apply the Federal Rules to the Robinsons' second amended Complaint because the Federal Rules govern this removed action.

The Federal Rules "apply to a civil action after it is removed from a state court."[52] So we apply the Federal Rules to amendments made in federal court following removal.[53] But we take cases removed from state court "in the same condition in which [they] left the state system."[54] So we should apply "state rules to determine the implications of events that occurred while a case was pending in state court prior to removal."[55]

Federal Rule 15 differs materially from Pennsylvania Rule 1033, which governs relation back in state court. Rule 15 permits relation back if, among other things, the amendments change the "party or the naming of the party" against whom the plaintiff asserts claims.[56] But Pennsylvania Rule 1033 permits relation back only if amendments "correct[] the name of a party against whom a claim has been asserted *in the original pleading*" or "substitut[e] the actual name of a defendant for a Doe designation."[57] Rule 15 permits amendments adding a new party after the statute of limitations to relate back. Rule 1033 only permits certain corrections or substitutions to relate back.[58]

The Robinsons' first amended Complaint does not relate back under Pennsylvania law. Pennsylvania does not permit the relation back of late-added parties unless the amendments correct or substitute a party in the original pleading. The Robinsons' first amended Complaint did neither. It added an entirely new party by naming Amtrak.

But Amtrak's untimely addition in state court does not mandate we deny leave to amend because this is now a federal case. The Federal Rules provide a broader relation back framework, which allows relation back if an amendment changes the naming of a party. Amtrak removed the Robinsons' first amended Complaint, which names "Amtrak" as a party. The Robinsons' proposed amendment changes the name of Amtrak. This change triggers Federal Rule 15(c).[59]

The Robinsons would not have enjoyed this procedural opportunity in state court, where Amtrak could have challenged its untimely addition. But Amtrak instead removed the case. It is Amtrak's right to remove; the Robinsons cannot remove their own case.[60] By removing, Amtrak chose to invoke the Federal Rules. The Federal Rules provide the Robinsons a procedural device they lacked in state court. Amtrak could have avoided this procedural quandary by simply not removing. Amtrak likely had sound strategic reasons to remove the case, but it cannot bemoan the problem its decision created.

Judge Edison in the Southern District of Texas recently found the Federal Rules apply to federal-court amendments made to untimely claims first filed in state court. In *Aforigho v. Tape Products Co.*, plaintiff brought state-law claims in state court.[61] Defendant removed the case and moved for summary judgment, arguing plaintiff's state claims were untimely.[62] Plaintiff moved to amend to add a time-barred federal Title VII claim.[63] Plaintiff argued the new claim related back under Rule 15.[64] Defendant argued the state-court relation back rule would disallow relation back, so the federal court should follow suit.[65] Judge Edison disagreed. Judge Edison stressed how defendant chose to remove.[66] Judge Edison found defendant "could unilaterally determine whether Texas state law or federal law applied to the relation-back issue" because defendant alone could remove the case.[67] Defendant could have "ensure[d] Texas state law" would apply by "proceed[ing] in state court and mov[ing] for summary judgment" there.[68] But once defendant

removed, "the landscape changed dramatically."[69] The Federal Rules applied post-removal, and they created a procedural advantage plaintiff would not have enjoyed in state court.[70]

The same goes here. Amtrak chose to remove with SEPTA's consent. Removal changed the landscape by eliminating the application of Pennsylvania's rules and replacing them with the Federal Rules, which embody "liberal pleading practices."[71] This removal gave the Robinsons' untimely state-court amendment a chance to survive through a second amended complaint filed under Rule 15.

Amtrak stresses the Robinsons' first amended Complaint was "dead" in state court, and we cannot use the Federal Rules to "revive" it.[72] Judge Guaderrama rejected a similar argument in *Lee v. Mission Chevorlet, Ltd.*[73] The case had a similar procedural history to *Aforigho*: plaintiff brought state-law claims in state court before defendants removed.[74] Plaintiff filed a second amended Complaint in federal court, asserting untimely Title VII claims.[75] Defendant argued the plaintiff's federal amendment could not relate back to plaintiff's original pleading because the plaintiff filed a *first* amended complaint which was also untimely in state court.[76] Defendant reasoned plaintiff's first amended complaint was dead on removal because it contained untimely claims which the state court would not have related back.[77] Judge Guaderrama rejected this argument.[78] He reasoned "[n]othing in Rule 15(c) supports" the argument relation back applies only where a "live" pleading is removed.[79] He refused this "hybrid approach" between federal and state relation back doctrines because it would "disrupt important federal policies favoring . . . liberality of amendment."[80]

We find Judge Guaderrama's reasoning persuasive. Amtrak cites no authority or rule which allows us to disregard Rule 81's mandate the Federal Rules apply to removed actions. Amtrak cites courts holding state relation back rules apply to "the procedural aspects of a case that occurred in state court" before removal.[81] But these courts considered pre-removal amendments made in state

court.[82] We are considering post-removal amendments made in federal court. We must remain mindful the Federal Rules embody liberal pleading practices and express a clear preference for "merits-based decision making."[83]

Amtrak suggests we are recognizing an "absurd exception" to Rule 81, but Amtrak has it backwards.[84] It is Amtrak arguing for an exception which the Federal Rules do not recognize. The Federal Rules do not require us to disallow relation back of an amendment made in federal court simply because state rules would disallow it.[85] We cannot graft an exception onto the Rules simply because the exception has logical appeal.[86] We do not preclude Amtrak from challenging its untimely addition in state court—we simply find Amtrak's removal provided the Robinsons a procedural opportunity they did not have in state court. We will analyze the Robinsons' relation back argument under Rule 15.

### 2. The Robinsons properly invoke Rule 15(c)(1)(C) when changing the naming of a party.

Amtrak argues the Robinsons do not pay the price of admission for a Rule 15(c)(1)(C) amendment because their amendment does not change the "naming of a party."[87] Amtrak reasons the Robinsons sued "Amtrak" in state court and changing Amtrak's name to "National Railroad Passenger Corporation ('Amtrak')" represents an unnecessary technicality. The Robinsons respond "Amtrak" is merely the National Railroad Passenger Corporation's informal name, so they needed to change Amtrak's name to ensure they sued a legal entity.[88] We agree with the Robinsons.

Rule 15(c)(1)(C) applies when an amendment "changes the party *or the naming* of the party."[89] The Rules Committee's use of this disjunctive shows the Robinsons can change a party entirely, or simply change the name of an existing party. The Rule's history confirms our reasoning. The Rule previously applied only where the amendment "chang[ed] the party"; it did not apply to amendments changing the name of the same party.[90] The Committee changed Rule

15 in 1991 to allow amendments to "correct a formal defect such as a misnomer or misidentification" to ensure consistency "with the liberal pleading practices secured by Rule 8."[91] Our Court of Appeals applies Rule 15(c)(1)(C) to correct "mere misnomer[s]."[92]

The Robinsons' proposed amendment changes the name of "Amtrak" to "National Railroad Passenger Corporation ('Amtrak')." Amtrak argues this amendment does not change the naming of a party because the Robinsons "simply did not need to correct the naming of Amtrak."[93] But we find no exception in the Rules excluding minor name changes like this one. The Federal Rules permit amendments correcting formal defects. "Amtrak" is the informal name for the "National Railroad Passenger Corporation," which Congress created.[94] Amtrak called itself "National Railroad Passenger Corporation ('Amtrak')" when answering the Robinsons' first amended Complaint.[95] Without the Robinsons' amendment, Amtrak might have raised defenses following our deadline for leave to amend because "Amtrak" might not be a legal entity.[96] We apply Rule 15(c)(1)(C) to amendments correcting the name of a party sued under its trade name to its legal name.[97] At least one judge—in the context of determining leave to amend under Rule 15(a)—let a plaintiff amend his Complaint to add "National Railroad Passenger Corporation" despite already naming "Amtrak California" and noted "judgment cannot be entered against a non-existent entity."[98] Amtrak cites no authority suggesting Rule 15 eschews such changes. The Robinsons' proposed amendment changes the naming of a party, triggering the Rule 15(c)(1)(C) analysis.

### 3. The Robinsons do not show Amtrak received notice within the Rule 4(m) period.

We next must determine whether the Robinsons' proposed amendment meets the requirements in Rule 15(c)(1)(C) for relation back. The amendment is futile if it does not. We find the Robinsons do not presently show Amtrak received notice of the action within the ninety-day period provided by Rule 4(m), making their amendment futile.

For relation back under Rule 15(c)(1)(C)—the only subsection the Robinsons argue permits relation back—the Robinsons must show "within the [ninety-day] period provided by Rule 4(m) for serving the summons and complaint," Amtrak "received such notice of the action that it will not be prejudiced in defending on the merits."[99] Amtrak may acquire notice through service of process or "through some informal means."[100] We must decide whether Amtrak received notice "of the existence of the action,"[101] not merely "notice of the event that gave rise to the cause of action."[102] The Robinsons instituted this action in state court on March 2, 2021. Amtrak needed to receive notice of the action by June 1, 2021 to meet the ninety-day requirement of Rule 15(c)(1)(C).[103]

The Robinsons do not show Amtrak received notice by June 1, 2021. The Robinsons make only one argument regarding Amtrak's notice: Amtrak received "notice of the action when it was served with the First Amended Complaint on August 12, 2021."[104] August 12 is more than two months after June 1. The Robinsons make no other argument Amtrak received notice within the 4(m) period such as imputed notice based on a shared attorney or an identity of interest.[105] Amtrak's notice of Ms. Robinson's injury does not suffice because we must examine Amtrak's notice of the existence of the action, not events giving rise to the action.

The Robinsons essentially concede the issue because they misunderstand what the Rule 4(m) period is. They argue Amtrak received notice within ninety days of the statute of limitations' expiration on June 21, 2021.[106] But the Rule 4(m) period begins running when the plaintiff files the complaint.[107] The Robinsons appear to conflate Rule 15 with Pennsylvania Rule 1033. Rule 1033 provides ninety days for notice "after the period provided by law for commencing the action" if the amendment changes a defendant's name.[108] But Rule 15 is concerned with defendants' notice

within the Rule 4(m) period. The Robinsons do not show Amtrak received proper notice. They have not met the obligations of Rule 15(c)(1)(C). We must deny leave to amend at this stage.

### 4.    We permit the Robinsons leave to promptly move again to amend.

The Robinsons ask us to defer deciding their Motion to amend because they request discovery regarding when SEPTA notified Amtrak of the action.[109] Discovery began over seven weeks ago. The Robinsons have not shown notice based on the discovery to date. But our goal is to resolve cases on the merits.

We have concerns regarding the Robinsons' diligence to discover Amtrak's notice of this action. We ordered the parties to "immediately" begin discovery regarding the case's "most important issues" on September 23. The importance of Amtrak's notice became obvious during our initial pretrial conference on October 4, 2021 when we discussed Amtrak's untimely addition at length. Yet the Robinsons represent discovery "has not yet been conducted to establish when SEPTA [informed] Amtrak of the complaint."[110]

But we must focus on the merits. We grant the Robinsons leave to move again to amend with specific facts regarding Amtrak's notice of the action within the Rule 4(m) period because the Robinsons' representations suggest Amtrak may have had appropriate notice. For example, the Robinsons claim Amtrak completed an accident report the day of the incident in June 2019.[111] They further claim Amtrak "assigned a representative" who communicated with the Robinsons' counsel in March and April 2021.[112] The Robinsons added Amtrak only about six weeks following the statute of limitations and argue they communicated with Amtrak about the action within the Rule 4(m) period. Amtrak does not argue it did not receive notice of the action within the Rule 4(m) period.

We are mindful the Rules embody a liberal approach to pleading and informal avenues of notice suffice. We may consider facts adduced in discovery to decide motions to amend.[113] We grant the Robinsons leave to amend as soon as practicable.

**B.    We grant Amtrak's motion for judgment on the pleadings.**

Amtrak moves for judgment on the pleadings on the Robinsons' first amended Complaint.[114] The first amended Complaint filed in state court is the Robinsons' only operative pleading before us because we deny the Robinsons' Motion to amend. Amtrak argues the Robinsons' claims against it are time-barred. The Robinsons respond their first amended Complaint relates back and we should toll the statute of limitations because SEPTA fraudulently concealed Amtrak's responsibility until after the statute expired.[115]

We grant the Robinsons' Motion for judgment on the pleadings. Pennsylvania Rule 1033 does not permit the Robinsons' first amended Complaint to relate back. We reject the Robinsons' argument fraudulent concealment excuses Amtrak's untimely addition because the Robinsons plead no facts regarding fraudulent concealment. We dismiss the Robinsons' claims against Amtrak without prejudice subject to the Robinsons moving to amend as soon as practicable and no later than January 4, 2022.

**1.    The Robinsons' first amended Complaint does not relate back under Pennsylvania law.**

As we deny the Robinsons' Motion to amend their first amended Complaint, their first amended Complaint as filed in state court is their operative pleading. We apply state-court procedural rules to procedures which occurred in state court.[116] As we discussed above, Pennsylvania does not permit amendments adding new parties following the statute of limitations' expiration to relate back.[117] Amendments made in Pennsylvania courts may relate back only if they "correct[] the name of a party against whom a claim has been asserted in the original pleading"

or "substitut[e] the actual name of a defendant for a Doe designation."[118] Pennsylvania courts consider "whether the plaintiff sued the correct party, but under the wrong name, or whether the plaintiff sued the wrong party and sought to name another party."[119]

The Robinsons' first amended Complaint does not relate back because the Robinsons sought to name another party by adding Amtrak after the statute of limitations. The Robinsons did not sue Amtrak in their original Complaint. The Robinsons added Amtrak in their first amended Complaint.[120] They did so on August 6, 2021—more than six weeks following the expiration of the two-year statute of limitations. The Robinsons' first amended Complaint does not relate back under Pennsylvania law.

## 2.   The Robinsons do not plead fraudulent concealment.

The Robinsons argue we should toll the statute of limitations because SEPTA fraudulently concealed Amtrak's responsibility for Ms. Robinson's fall. Amtrak responds the Robinsons did not plead fraudulent concealment so we cannot consider its application. We agree with Amtrak.

"The doctrine of fraudulent concealment serves to toll the running of the statute of limitations."[121] It applies where "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry."[122] It requires "an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering the injury,"[123] such as "silence" despite "a duty to speak."[124] "The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence."[125] The plaintiff must plead acts of fraudulent concealment "to avoid dismissal when it is clear from other facts in the complaint that the claim would otherwise be time barred."[126] The plaintiff must so plead with "particularity" because fraudulent concealment constitutes fraud under Rule 9.[127]

The Robinsons plead no facts in their first amended Complaint or their proposed second amended Complaint regarding fraudulent concealment. The Robinsons raise the fraudulent

concealment issue for the first time in their Response to Amtrak's Motion for judgment on the pleadings. They argue SEPTA concealed Amtrak's identity by failing to file a case management memorandum and refusing to answer requests for admission during the state litigation. Such unverified arguments in briefs do not support a finding of fraudulent concealment. We may dismiss claims on statute of limitations grounds when the plaintiff fails to plead the fraudulent concealment doctrine applies with particularity.[128] We reject the Robinsons' unpled fraudulent concealment argument.[129]

### III.   Conclusion

We today decide bedeviling procedural issues involving the interplay between state and federal rules for amending a complaint after the statute of limitations expired. We find Federal Rule 15 may permit an amendment made in federal court to relate back despite a previous state-court amendment asserting untimely claims. The Robinsons' proposed amendment changes the name of a party but does not relate back because the Robinsons do not show Amtrak's notice of the action within the Federal Rule 4(m) period. We permit the Robinsons leave to again move to amend to plead Amtrak's notice within the Federal Rule 4(m) period if they can do so consistent with Rule 11. We grant Amtrak's motion for judgment on the pleadings on the operative first amended Complaint and dismiss the Robinsons' claims against Amtrak without prejudice.

---

[1] ECF Doc. No. 1-5 ¶ 6.

[2] *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5524(2); *Firmani v. Zipnock*, No. 21-171, 2021 WL 1312918, at *4 (W.D. Pa. Apr. 8, 2021) (two-year limitation applies to loss of consortium claims "arising out of negligence").

[3] ECF Doc. No. 1-5 at 2.

[4] *Id.* ¶ 6.

[5] ECF Doc. No. 29 at 2; ECF Doc. No. 29-4.

[6] ECF Doc. No. 29 at 2–3.

[7] ECF Doc. No. 29-7 at 1.

[8] ECF Doc. No. 29 at 3. SEPTA untimely responded 122 days late on October 1, 2021. *Id.*

[9] *Id.* at 3.

[10] *Id.*

[11] ECF Doc. No. 1-6 at 3.

[12] *Id.* at 5, 9.

[13] *Id.* ¶¶ 10–12.

[14] ECF Doc. No. 25-5 at 2.

[15] ECF Doc. No. 1.

[16] ECF Doc. No. 6 at 5 (eighth affirmative defense). Amtrak crossclaimed against SEPTA, seeking contribution and indemnification. *Id.* at 6–8. SEPTA then crossclaimed against Amtrak for contribution and indemnification. ECF Doc. No. 18. Both Amtrak and SEPTA filed third-party complaints against InProduction, Inc., for its allegedly negligent construction of the platform. ECF Doc. Nos. 17, 24.

[17] ECF Doc. No. 6 at 1.

[18] ECF Doc. No. 9.

[19] *Id.* ¶ 6.

[20] ECF Doc. No. 14.

[21] ECF Doc. No. 16 ¶ 4.

[22] *Id.* ¶ 6.

[23] ECF Doc. No. 22 at 1–2 ¶ 5.

[24] *Id.*

[25] ECF Doc. No. 22-4.

[26] ECF Doc. No. 22 at 2 ¶ 6.

[27] *See supra* n.2. Ms. Robinson's injury occurred on June 21, 2019. ECF Doc. No. 22-5 at 2 ¶ 7. The Robinsons needed to sue Amtrak by June 21, 2021. The Robinsons did not sue Amtrak until August 6, 2021. ECF Doc. No. 22 at 1 ¶ 4.

[28] ECF Doc. No. 22.

[29] ECF Doc. No. 22-5 at 1.

[30] *Id.* ¶¶ 11–12.

[31] *Id.* ¶ 12.

[32] ECF Doc. No. 22 at 2–3.

[33] ECF Doc. Nos. 26, 33.

[34] ECF Doc. No. 25.

[35] *Id.* at 6–10.

[36] ECF Doc. No. 35-1.

[37] *Id.*

[38] ECF Doc. No. 35-1 at 7.

[39] ECF Doc. No. 22-5 ¶¶ 11–12.

[40] ECF Doc. No. 22 ¶ 14.

[41] ECF Doc. No. 26-1 at 7.

[42] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006).

[43] *T Mobile Ne. LLC v. City of Wilmington, De.*, 913 F.3d 311, 328 (3d Cir. 2019).

[44] Fed. R. Civ. P. 15(a)(2).

[45] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

[46] *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001); *see also Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (a court "surely [does] not abuse its discretion" in denying a motion to amend if the amendment "would not relate back").

---

[47] *Anderson v. Bondex Int'l, Inc.*, 552 F. App'x 153, 156 (3d Cir. 2014).

[48] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (quoting Fed. R. Civ. P. 15(c)).

[49] *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001).

[50] Fed. R. Civ. P. 15(c)(1)(C).

[51] *Id.*

[52] Fed. R. Civ. P. 81(c)(1).

[53] *See, e.g.*, *Riveros-Sanchez v. City of Easton*, No. 20-1501, 2021 WL 2413172, at *3 (3d Cir. June 14, 2021) (applying federal Rule 15 to amendment made in federal court following removal).

[54] *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992).

[55] *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014).

[56] Fed. R. Civ. P. 15(c)(1)(C).

[57] Pa. R.C.P. No. 1033(b)–(c) (emphasis added).

[58] *See Fick v. Barbon*, 2020 WL 2790452, at *5 (Pa. Super. Ct. 2020) ("[W]hile Rule 1033(b) and the Explanatory Comment permit a plaintiff to 'correct' the name of a party to 'relate back' to before the expiration of the statute of limitations, neither the rule nor the comment permit or contemplate a plaintiff adding or substituting another individual after the statute of limitations has expired."), *appeal denied*, 243 A.3d 727 (Pa. 2020).

[59] *See infra* Part II.A.2.

[60] 28 U.S.C. § 1441(a) (the "defendant or the defendants" may remove actions to federal court).

[61] 334 F.R.D. 86, 89 (S.D. Tex. 2020).

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.* at 91.

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* We agree with Judge Edison's observations this procedural question "presents a unique factual scenario and intriguing legal questions that might pop up on a law school exam, testing a student's knowledge of federal civil procedure. . . . [M]ost law professors would find the procedural posture of this case and the legal issues at play fascinating. . . . [M]ost law students, even the most serious candidates, would be left scratching their heads to figure out the proper result." *Id.* at 88.

[71] Fed. R. Civ. P. 15(c)(1), advisory committee's note to 1991 amendment.

[72] ECF Doc. No. 33 at 2.

[73] No. 16-34, 2017 WL 4784368, at *5 (W.D. Tex. Oct. 23, 2017).

[74] *Id.* at *1–2.

[75] *Id.* at *3.

[76] *Id.* at *4.

[77] *Id.* at *5.

[78] *Id.*

[79] *Id.*

[80] *Id.* at *6 (alteration in original) (quoting *Welch v. La. Power & Light Co.*, 466 F.2d 1344, 1346 (5th Cir. 1972) (per curiam)).

[81] *Taylor*, 744 F.3d at 946.

[82] *See id.* (applying Texas relation back rule to amendment made state court); *Pac. Emps. Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400 (6th Cir. 2002) (same); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) (same).

[83] *See T Mobile*, 913 F.3d at 328.

[84] ECF Doc. No. 33 at 4.

[85] In fact, the Federal Rules provide only the opposite: We must permit relation back in federal court if the state court provides a "more forgiving principle of relation back." Fed. R. Civ. P. 15, advisory committee's note to 1991 amendment.

[86] *See Schiavone v. Fortune*, 477 U.S. 21, 26 (1986) ("[R]ewriting" the Rules is "impermissible"); *id.* at 30 (we should not "temper the plain meaning of [Rule 15's] language by engrafting" an equitable exception onto it). The Rules Committee amended Rule 15 in 1991 to change the result in *Schiavone* regarding the time during which a plaintiff must add a late-named defendant, but the Committee did not reject the Court's holdings regarding how we should interpret the Rules. *See* Fed. R. Civ. P. 15(c), advisory committee's note to 1991 amendment.

[87] ECF Doc. No. 26-1 at 7.

[88] ECF Doc. No. 33 at 4.

[89] Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

[90] *See Dandrea v. Malsbary Mfg. Co.*, 839 F.2d 163, 166 (3d Cir. 1988) (emphasis removed) (quoting Fed. R. Civ. P. 15(c) (1987 version)) (discussing whether an amendment changed a party entirely or simply changed an existing party's name and finding Rule 15(c)(1)(C) applied under the former rule because the amendment did not "chang[e], substitut[e], or add[] a party").

[91] Fed. R. Civ. P. 15, advisory committee note to 1991 amendment.

[92] *Arthur*, 434 F.3d at 208–09 (correction of a "mere misnomer" changes the name of the party for Rule 15(c) purposes because the Rule 15(c) "permits relation back when an amendment corrects a misidentification of an existing party").

[93] ECF Doc. No. 33 at 4.

[94] *See* 45 U.S.C. § 1104 ("'Amtrak' means the National Railroad Passenger Corporation created under chapter 243 of Title 49.").

[95] ECF Doc. No. 6 at 1.

[96] *Cf., e.g.*, *In re Convertible Rowing Exerciser Pat. Litig.*, 817 F. Supp. 434, 442–43 (D. Del. 1993) (denying amendment adding corporate parent because the plaintiff's late addition of the corporate parent denied it "the right to maintain an action for purposes of levying a judgment against the . . . [subsidiary] under its common law trade name").

[97] *See, e.g.*, *Pinnacle Advisory Grp., Inc. v. Krone*, No. 19-2988, 2021 WL 3852338, at *5 (D. Md. Aug. 26, 2021) (permitting amendment to "conform the caption with the current name of the plaintiff"); *In re IH 1, Inc.*, No. 09-10982, 2011 WL 6934552, at *6 (Bankr. D. Del. Dec. 30, 2011) (granting amendment adding a party which plaintiff "did not realize . . . was a legal entity separate from Defendant until Defendant filed its Answer"); *Reyna v. Flashtax, Inc.*, 162 F.R.D. 530, 534 (S.D. Tex. 1995) (allowing amendment to change the name of an "alleged corporation" which "apparently never existed and the amended pleading simply corrects that mistake").

[98] *Rodriguez v. Cnty. of Stanislaus*, No. 108-856, 2009 WL 10695067, at *3 (E.D. Cal. Apr. 15, 2009).

[99] Fed R. Civ. P. 15(c)(1)(C)(i). Rule 4(m) provides ninety days from the date the plaintiff files the Complaint to serve the defendant. Fed. R. Civ. P. 4(m). We use this period to determine timely notice under Rule 15(c)(1)(C)(i) even if the Complaint is originally filed in state court. *See, e.g.*, *Browning v. Safmarine, Inc.*, 287 F.R.D. 288, 289 (D.N.J. 2012) (calculating Rule 4(m) period of removed action from time when the original state court complaint was filed despite removal).

[100] *Singletary*, 266 F.3d at 195.

[101] Fed. R. Civ. P. 15, advisory committee's note to 2007 amendment.

[102] *Singletary*, 266 F.3d at 195 (interpreting substantively similar former rule).

[103] Ninety days from March 2, 2021 is Monday, May 31, 2021. May 31 was Memorial Day. If a time period's final day falls on a legal holiday, we extend the time period to the "next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The Rule 4(m) period extended to June 1, 2021.

[104] ECF Doc. No. 29 at 3.

[105] A defendant may acquire imputed notice if it shares an attorney with a timely named defendant. This "shared attorney method" of notice "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196–97. SEPTA and Amtrak do not share the same attorneys, so this method does not apply.

A defendant may also acquire imputed notice through the identity-of-interest method. This method requires "the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin*, 354 F.3d at 227. SEPTA and Amtrak have adverse interests, as they filed crossclaims against each other. *See* ECF Doc. Nos. 6, 18.

[106] ECF Doc. No. 29 at 4 (arguing Amtrak should have known it was a proper defendant "no later than fifty-two . . . days after the Statute of Limitations passed on June 21, 2021").

[107] Fed. R. Civ. P. 4(m) (permitting ninety days to serve the defendant "after the complaint is filed"); *Browning*, 287 F.R.D. at 290 (defendant must receive notice within time from "filing of the complaint"). We can extend the Rule 4(m) period if the Robinsons show good cause for their failure to serve Amtrak within the Rule 4(m) period. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period."). The Robinsons do not address this provision of Rule 4(m). Even if we construed the Robinsons' cite to the statute of limitations' expiration as an argument they had good cause for failure to timely serve, "the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). The Robinsons still must show "good cause" to extend their time for service. *Id.*

[108] Pa. R.C.P. No. 1033(b).

[109] The Robinsons include this request in their Response to Amtrak's Motion for judgment on the pleadings instead of in their briefing regarding the Motion for leave to amend. *See* ECF Doc. No. 35-1 at 7. We will consider this issue in deciding the Motion for leave to amend given the similarity of the issues.

[110] ECF Doc. No. 35-1 at 7.

[111] ECF Doc. No. 22-5 ¶ 12.

[112] *Id.*

[113] *See, e.g.*, *See, e.g.*, *Garvin*, 354 F.3d at 220 n.6 (providing five months for discovery and allowing discovery upon issue of notice); *Miller v. Hassinger*, 173 F. App'x 948, 956 (3d Cir. 2006) (reversing denial of motion for leave to amend because "it does not appear that Appellant had a sufficient opportunity to conduct discovery on the issue of notice"); *Richardson v. Barbour*, No. 18-01758, 2020 WL 4815829, at *10 (E.D. Pa. Aug. 19, 2020) (finding "the parties should have the opportunity to conduct discovery on" notice).

[114] ECF Doc. No. 25. A party may move for judgment "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "has utility when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (internal quotations omitted). We "must accept the non-moving party's allegations as true, drawing all reasonable factual inferences in the non-movant's favor." *Venetec Inter., Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008). Motions for judgment on the pleadings "should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 271 (3d Cir. 2014) (internal quotations and citations omitted).

[115] ECF Doc. No. 35-1.

[116] *Taylor*, 744 F.3d at 947.

[117] *Fick*, 2020 WL 2790452, at *5; *Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1133 (Pa. Super. Ct. 2001) ("[W]here the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed." (quoting *Anderson Equip. Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. Ct. 1997)). Pennsylvania's Rules permit amendments to timely add parties but do not permit amendments untimely adding parties to relate back. *See* Pa. R.C.P. No. 1033, 2013 explanatory comment.

[118] Pa. R.C.P. No. 1033(b)–(c).

[119] *Fick*, 2020 WL 2790452, at *4.

[120] *Compare* ECF Doc. No. 22-2 at 1 (first amended Complaint adding "Amtrak"), *with* ECF Doc. No. 22-1 (original Complaint not suing Amtrak).

[121] *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005).

[122] *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991) (quoting *Ciccarelli v. Carey Can. Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir.1985)).

[123] *Id.*

[124] *Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 650 (Pa. Super. Ct. 2010).

[125] *Fine*, 870 A.2d at 860.

[126] *Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 678 (E.D. Pa. 2014).

[127] *Id.* at 679 (citing *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984)).

[128] *See, e.g.*, *Perelman v. Perelman*, 545 F. App'x 142, 151 (3d Cir. 2013) (despite acknowledging a plaintiff need only "plead the applicability of" equitable tolling, dismissing a complaint based on statute of limitations because the plaintiff "has not made any allegations in his complaint that would support application of the fraudulent concealment doctrine"); *Arndt*, 67 F. Supp. 3d at 679–80 (rejecting plaintiff's argument "discovery will uncover" fraudulent concealment because plaintiff failed to plead facts regarding fraudulent concealment); *Garcia-Valentie v. McKibbin*, No. 06-5097, 2007 WL 2022067, at *5 (E.D. Pa. July 9, 2007) ("Plaintiff has not made any allegations necessary to invoke any of the Pennsylvania tolling doctrines, such as the discovery rule, to preserve his time-barred tort claims."); *Zlotnick v. PaineWebber Inc.*, No. 92-1271, 1992 WL 111383, at *2 (E.D. Pa. May 14, 1992) (dismissing where plaintiff failed to allege "any fraudulent action which attempted to induce plaintiff into relaxing his diligence in discovering and prosecuting his claim").

[129] The Robinsons also argue we cannot dismiss their claims against Amtrak because SEPTA crossclaimed against Amtrak. ECF Doc. No. 35 at 12. This is incorrect. We may dismiss the Robinsons' claims against Amtrak while keeping SEPTA's crossclaims intact. *See, e.g.*, *Glaziers & Glassworkers Union Loc. 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993) ("[I]f the original claim against [a crossclaim defendant] is dismissed on the merits, any cross-claims previously filed against that party may remain."). Amtrak remains in the case as a crossclaim defendant on SEPTA's claim. We also do not disturb Amtrak's third-party complaint against InProduction, Inc. Amtrak is not prejudiced as it remains a party for discovery purposes at this stage.